IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD E. LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-09-MJR |
| | ) | |
| LISA MADIGAN, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent on March 22, 2007 (Doc. 6). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

On August 10, 1999, a jury in the Circuit Court of Wayne County, Illinois, found the Petitioner, Donald E. Lee ("Lee"), guilty of the unlawful possession of cannabis sativa plants and drug paraphernalia (Doc 1 at 1; Doc. 6 at 3-4). He was sentenced to concurrent terms of imprisonment of seven years for the possession of the plants and 364 days for the possession of the drug paraphernalia (Doc. 6 at 4). Petitioner appealed his conviction and was denied relief by both the Fifth Judicial District Appellate Court and the Illinois Supreme Court (Doc. 6; Exh. A). His petition for state post conviction relief was also denied at all levels (Doc. 1, p. 1).

Petitioner was admitted to the custody of the Illinois Department of Corrections ("IDOC") on August 26, 1999 (Doc. 6 at 3). He completed his sentence, served a term of mandatory supervised release, and was ultimately discharged from IDOC custody on May 15, 2003 (Doc. 6 at 4; Exh. B). On January 6, 2007, Lee filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus with this Court (Doc. 1). The Respondent, Lisa Madigan, Attorney General of Illinois, filed a Motion to Dismiss, asserting that Lee's petition should be dismissed because this Court lacks subject-matter jurisdiction.

**FINDINGS OF LAW**

A party may challenge the court's subject-matter jurisdiction on a motion to dismiss. Fed. R. Civ. P. 12(b)(1). The Court must find subject-matter jurisdiction to exist before it may consider the claim further. See State of Illinois v. City of Chicago, 137 F.3d 474, 478 (7th Cir.1998) ("[s]ubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further"); Fed.R.Civ.P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

"When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." Alicea-Hernandex v. Catholic Bishop of Chicago, 320 F.3d 698, 701 (7th Cir. 2003); see also Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir.1999). The party attempting to assert federal jurisdiction carries the burden of presenting evidence that federal jurisdiction exists. See Selcke v. New England Ins. Co., 2 F.3d 790, 792 (7th Cir.1993) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). The Court's analysis is not limited to

the pleadings. Under Rule 12(b)(1) the Court has the authority "to look behind the plaintiff's allegations and make factual findings for purposes of assessing its subject matter jurisdiction." Palay v. United States, 349 F.3d 418, 424 (7th Cir. 2003); see also Long, 182 F.3d at 554 ("[t]he district court may properly look beyond jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists").

A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the federal habeas statute as requiring a prisoner to be "in custody" at the time the habeas petition is filed. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). The custody requirement does not necessitate actual incarceration, however. If the state imposes restrictions upon a petitioner that "significantly confine and restrain his freedom," he will be found to be "in custody" within the meaning of the statute. Jones v. Cunningham, 371 U.S. 236, 242 (1963) (prisoner on parole was "in custody" because release was conditioned on fulfilling requirements of parole board and could be revoked); see also, e.g., Garlotte v. Fordice, 515 U.S. 39, 41 (1995) (prisoner may seek habeas relief from expired sentence where he was serving second sentence, issued concurrently and to be served consecutively, with expired sentence); Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, Ca., 411 U.S. 345 (1973) (petitioner released on his own recognizance between conviction and imposition of sentence was "in custody" for habeas purposes). The Supreme Court has held that when a petitioner is released from custody during

the pendency of a habeas action, the "collateral consequences" of the conviction--the inability to vote, to acquire certain employment, to hold public office, or to serve as a juror, for example--provide continued jurisdiction with the district court. See Carafas, 391 U.S. at 237-38.

A petition for habeas corpus relief under section 2254 must be filed *before* the conviction has completely expired for the collateral consequences doctrine to apply, however. If the petition is filed after a former prisoner has been fully released from custody, the Court does not have subject-matter jurisdiction to entertain the claim. See Maleng, 490 U.S. at 491 ("[w]e have never held . . . that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed") (emphasis in original). The Court in Maleng specifically rejected the notion that "collateral consequences" conferred subject-matter jurisdiction where the sentence had completely expired prior to the filing of the petition. Id. at 492 ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").

In the instant case, Petitioner filed his § 2254 habeas petition on January 5, 2007, over three and a half years *after* he had been fully discharged from IDOC custody (Doc. 6 at 4). The doctrine of collateral consequences cannot apply to his claims because he failed to file the petition before his release. Further, Petitioner has not responded to the motion to dismiss, and subject-matter jurisdiction is not evident on the face of the complaint. Thus, Petitioner has not met his burden to demonstrate the Court's subject-matter jurisdiction. Accordingly, the undersigned **RECOMMENDS** that Respondent's motion to dismiss for lack of subject-matter jurisdiction (Doc. 6) be **GRANTED**.

## PENDING MOTION

Also pending before the Court is Petitioner's Motion for Expansion of the Record (Doc. 8), in which Petitioner seeks return of property seized in conjunction with his conviction in the state of Illinois. He argues that the refusal to return the property violates his due process rights under the Fourth, Fifth, and Fourteenth Amendments. Because release from custody is the only available remedy in a habeas action, this claim, which seeks return of property, is not cognizable in this action. See DeWalt v. Carter, 224 F.3d 607, 614 (7th Cir. 1999) ("Congress has designated the federal habeas statute as the exclusive federal remedy for state prisoners who challenge the fact or duration of their confinement and seek immediate or speedier release."). Such a claim is not cognizable in federal court at all. To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, a plaintiff has no federal claim. See Hudson v. Palmer, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. See Murdock v. Washington, 193 F.3d 510, 513 (7th Cir.1999); Stewart v. McGinnis, 5 F.3d 1031, 1036 (7th Cir.1993); 705 ILCS 505/8 (1995). Accordingly, it is **RECOMMENDED** that Petitioner's Motion for Expansion of the Record (Doc. 8) be **DENIED**.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Court adopt the foregoing findings of fact and conclusions of law, that the Motion to Dismiss (Doc. 6) be **GRANTED,** that the Motion for Expansion of the Record (Doc. 8) be **DENIED**, and that judgment be entered in favor of the Respondent.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 10, 2008**

                                                s/ *Donald G. Wilkerson*
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**